IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Kalim Nazul Rashid a/k/a Anthony Lorenzo Boone, Petitioner, | )<br>)<br>) |
| v. | ) 1:18cv262 (TSE/MSN) |
| Harold W. Clarke, Respondent. | )<br>)<br>) |

MEMORANDUM OPINION

Kalim Nazul Rashid a/k/a Anthony Lorenzo Boone, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction of aggravated malicious wounding, statutory burglary, and other offenses following a jury trial in the Suffolk Circuit Court. By an Order dated March 14, 2018, Rashid was advised that his claims appeared to barred by the applicable statute of limitations, 28 U.S.C. § 2244(d), and he was allowed thirty (30) days within which to contest the applicability of the statute or to establish his entitlement to equitable tolling. [Dkt. No. 3] On April 13, 2018, Rashid filed a response which has been docketed as a letter to the court. [Dkt. No. 4] After careful consideration, the petition must be dismissed, as time-barred.

A petition for a writ of habeas corpus pursuant to § 2254 must be dismissed if it was filed later than one year after (1) the judgment at issue became final; (2) any state-created impediment to filing a petition was removed; (3) the United States Supreme Court recognized the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In this case, according to Rashid's sworn petition, his conviction was entered on February 20, 2009, and he received a sentence of 52 years

incarceration. Pet. at 2. He filed a direct appeal to the Supreme Court of Virginia, which denied relief on September 7, 2010. Pet. at 3. The conviction became final ninety (90) days later, on December 5, 2010, when the time expired during which Rashid could have petitioned the United States Supreme Court for a writ of certiorari. See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007). Thus, the §2254(d) one-year limitations period began to run on that date.

In calculating the one-year limitations period, a court generally must exclude the time during which properly-filed state collateral proceedings pursued by a petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Here, however, Rashid initiated no postconviction proceedings until November 2, 2017, when he filed a petition for a state writ of habeas corpus in the Supreme Court of Virginia. Pet. at 4. Since by then almost six years had elapsed since the conviction became final, the pendency of that state action could no longer toll the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); Rashid v. Khulmann, 991 F.Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") Accordingly, the petition is barred by the statute of limitations

unless Rashid can establish that the statute of limitations does not apply or should otherwise be tolled.

Rashid offers several arguments urging the Court to reach his claims on the merits. He first contends that pursuant to § 2244(d)(1)(D), the limitations period in this case should be deemed to have commenced on November, 2016, when he received what he characterizes as newly-discovered evidence in the form of "forensic test results." [Dkt. No. 4 at 1] He does not further explain the nature of these test results nor does he provide a copy of them. Rashid has attached five (5) exhibits to his response to the Order of March 14, none of which can be construed even liberally as "forensic test results." First, Rashid provides a copy of a cover letter from the Virginia State Bar on July 28, 2010, apparently enclosing a copy of a response provided by Rashid's counsel to a complaint Rashid filed against him. [Dkt. No 4, Ex. 1] Rashid has also supplied a copy of letter dated October 15, 2010 in which counsel advised him that his petition for appeal had been denied by the Supreme Court of Virginia and explained further steps that Rashid might wish to undertake on his own. [Dkt. No 4, Ex. 2] Next, Rashid encloses a copy of a cover letter from counsel dated March 11, 2011 forwarding a copy of Rashid's file. [Dkt. No 4, Ex. 3] Also included is a copy of an Order entered on April 1, 2014 in the Circuit Court for the City of Suffolk denying as untimely filed Rashid's motion for reconsideration of an Order denying his motion to test biological evidence. [Dkt. No. 4, Ex. 5] Rashid's sole exhibit that even remotely touches on the subject of forensic testing is a letter to him from counsel for the Virginia Department of Forensic Science dated July 15, 2013. In its entirety, however, it states:

> Dear Mr. Boone:
>
> Your letter to the Department of Forensic Science requesting information regarding the above-referenced file was received in this

3

> office. Pursuant to Virginia Code § 2.2-3703, the Freedom of Information Act does not, "afford any rights to any person ... incarcerated in a state, local or federal correctional facility." Nonetheless, the Department has elected to conduct a computer search of its records. We have been unable to locate any records related to your inquiry. If you learn that there was evidence submitted and are able to provide an FS laboratory number, a more definitive search will be conducted.

[Dkt. No. 4, Ex. 4]

Under these circumstances, Rashid has failed to substantiate his contention that he received "forensic test results" in November, 2016. He does not provide the test results themselves, nor does he offer any explanation of the manner in which he believes they would cast doubt on the validity of his conviction. In light of the utter absence of any showing that the alleged test results exist or were provided to petitioner at the time he claims, Rashid has failed to make a convincing argument that commencement of the limitations period should be controlled in this case by § 2244(d)(1)(D). However, in deference to his pro se status, peititoner is advised that should he have additional evidence of the "forensic test results" he references, he may supply it to the Court as an exhibit to a timely-filed Motion for Reconsideration of this Memorandum Opinion.

Rashid also argues that the alleged forensic test results demonstrate his actual innocence of the crimes of which he stands convicted. [Dkt. No. 4 at 1] In McQuiggin v. Perkins, 569 U.S. __, 133 S.Ct. 1924 (2013), the Supreme Court held that a convincing claim of actual innocence can overcome the §2254(d) statute of limitations. As with an actual innocence claim in the context of other procedural defaults, however, the exception applies only in a "severely confined category" - that is, cases in which reliable new evidence shows that "it is more likely than not that 'no reasonable juror' would have convicted" the petitioner had the evidence been available

4

at trial. Id., 133 S.Ct. at 1928, quoting Schlup v. Delo, 513 U.S. 298, 329 (1995). Here, petitioner's assertion of actual innocence does not warrant application of the McQuiggin exception because the alleged newly-discovered evidence is completely unreliable. As noted, peititoner fails to explain the nature of this evidence or the manner in which he believes it would call his conviction into question if considered. Such a conclusory and unsupported assertion of actual innocence falls well short of the showing necessary to overcome the limitations bar. See U.S. v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999), cert. denied, 529 U.S. 1010 (2000) (actual innocence exception is satisfied only by a showing of actual factual innocence; a showing that petitioner is legally but not factually innocent does not suffice).

In addition, while Rashid does not use the term, he contends that the untimely filing of this petition was caused by his counsel's ineffective assistance. [Dkt. No. 4 at 2] Essentially, he argues that the limitations period should be equitably tolled on that basis. The United States Supreme Court has established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, 560 U.S. 631 (2010). To qualify for equitable tolling, a petitioner must demonstrate both that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649, citing Pace, 544 at 418. The petitioner is obliged to specify the steps he took in diligently pursuing his federal claim, and a lack of diligence generally acts to negate the application of equitable tolling. Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001). In addition, the petitioner must "demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the

5

circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). It is widely recognized that equitable tolling is to be applied only very infrequently. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) ("We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.")

The extraordinary remedy of equitable tolling is not warranted in this case for the following reasons. First, Rashid asserts that a letter from his counsel informing him that his direct appeal had been dismissed was dated October 15, 2010, over a month after the appeal concluded. [Dkt. No. 4, Ex. 2] Counsel "finally decide[d]" to send Rashid his case file and trial transcripts six months after the appeal was decided. Id. Rashid's efforts were further thwarted by a transfer to a new institution in December, 2010 or January, 2011 where he was unable to obtain access to the law library for three months. Id. Taken as true, this explanation is unavailing. As discussed above, Rashid's appeal was decided on September 7, 2010, and his conviction became final on December 5, 2010. According to Rashid, he received his case file and trial transcript from counsel six months after the appeal concluded, which would have occurred in or around March, 2011. Assuming as he states that he was received at his new institution in January, 2011 and was unable to access the law library for three months thereafter, he became able to use the library sometime around May 1, 2011. Since the limitations period did not expire until December 5, 2011, at that point seven months remained during which Rashid could have filed a timely § 2254 petition, yet he failed to do so. Under these circumstances, Rashid's own lack of diligence, rather than any actions taken by counsel, precludes his

6

entitlement to the extraordinary remedy of equitable tolling. Spencer, 239 F.3d at 630.

Rashid's argument that the limitations period should be equitably tolled based on his lawyer's assertedly ineffective assistance fails for a second reason. "[A] claim of ineffective assistance [generally must] ... be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Edwards v. Carpenter, 529 U.S. 446, 452 (2000), quoting Murray v. Carrier, 477 U.S. 478, 489 (1986). In this case, Rashid failed to argue that he received ineffective assistance in a timely state postconviction proceeding, and it thus is apparent that no claim of ineffective assistance was considered on the merits as an independent claim by the Virginia courts. Lastly, even were that not so, ineffective assistance even if shown rarely provides a basis for equitable tolling. See Rouse, 339 F.3d at 248 (quoting Beery v. Adult, 312 F.3d 948, 951 (8th Cir. 2002) for the proposition that "[i]neffective assistance of counsel generally does not warrant equitable tolling"); see also, Harris, 209 F.3d at 330-31; Broadnax v. Angelone, No. 2:02cv158, 2002 WL 32392670, at * 1 (E.D.Va. Sept. 19, 2002) ("[Petitioner's] failure to direct his attorney to file an appeal for him does not give him a basis upon which he may come into federal court after the statute of limitations has run .... [and] [a]ssuming, *arguendo*, that petitioner's attorney had erroneously advised him in connection with his collateral appeal, that failure would be insufficient to warrant equitable tolling of a statute of limitations.").

Rashid also asserts without additional explanation that "[f]raud upon the court can be challenged at any time. Petitioner's conviction rest [sic] upon conduct of Commonwealth Attorney's undermining the integrity of the judicial process." Pet. at 14. To the extent that Rashid may have intended this statement to suggest another reason for equitable tolling, such an

entirely conclusory contention does not warrant such relief. In all, Rashid has failed to demonstrate that it "would be unconscionable to enforce the limitation period against [him or that] gross injustice would result," such that equitable tolling might apply. Cf. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).

Lastly, it is noted that even if Rashid had established that the limitations period should be equitably tolled in his case, his claims would be barred from federal review as a result of the Supreme Court of Virginia's finding of procedural default. When Rashid raised the same claims he makes here in his petition for a state writ of habeas corpus, the Supreme Court of Virginia dismissed the petition as time-barred. Pet. at 4. Such a finding of procedural default by a state court is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met, Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

The dismissal of a petitioner's claims as time-barred constitutes "an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). In the Order of March 14, Rashid was provided an opportunity to show cause why his claims should not be dismissed as procedurally defaulted. In his response, Rashid invokes the miscarriage of justice exception provided in Murray, 477 U.S. at 489, but again asserts only in

8

entirely conclusory fashion that he is actually innocent of the crimes of which he was convicted. [Dkt. No. 4 at 3] Under these circumstances, even if Rashid were able to overcome the untimeliness of this petition, his claims still would be defaulted from consideration on the merits.

### III. Conclusion

For the foregoing reasons, this petition must be dismissed, with prejudice, as time-barred. An appropriate Order shall issue.

Entered this 24th day of April 2018.

Alexandria, Virginia

T. S. Ellis, III
United States District Judge